UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Eugene Farmer,            ) | C/A No. 5:16-cv-01578-HMH-KDW |
| ) | |
| Petitioner,     ) | |
| ) | |
| vs.                                         ) | REPORT AND RECOMMENDATION |
| ) | |
| M. Travis Bragg,                        ) | |
| ) | |
| Respondent.    ) | |
| ) | |

Petitioner, a federal prison inmate appearing pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Michael Eugene Farmer ("Petitioner") was convicted in 2002 of one count of conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base (crack) in the Eastern District of North Carolina ("the sentencing court"). *United States v. Farmer*, No. 5:02-cr-00131-BO-1 (E.D.N.C.) (the "Criminal Case"). Following conviction Petitioner was sentenced under the United States Sentencing Guidelines ("USSG") career-offender provisions to 262 months in prison. *Id.*, Crim. Case ECF No. 16. Petitioner filed a § 2255 motion in his Criminal Case, claiming that his career-offender classification was incorrect in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In his § 2255 motion, Petitioner argued that one of the predicate convictions used to support his career-offender classification should not have been considered as it did not carry a penalty exceeding one year. Petitioner noted he had been

sentenced to 10-12 months custody for that conviction. The sentencing court denied the § 2255 motion as untimely. Crim. Case ECF Nos. 48, 83. Petitioner also submitted an unsuccessful § 2241 petition raising the same issue in the sentencing court. Crim. Case ECF Nos. 91, 101. In filing the Petitioner now under review, Petitioner acknowledges that he did not request authorization from the Fourth Circuit Court of Appeals ("Fourth Circuit") for a successive § 2255 motion before filing this case. Pet. 4, ECF No. 1.

In the instant § 2241 Petition, Petitioner again challenges the validity of his enhanced sentence, claiming as he did in the sentencing court that his career-offender classification was incorrect in light of *Simmons*. He asserts that the § 2255 remedy is inadequate/ineffective because *Simmons* represents new law handed down after both his direct appeal and his § 2255 motion and because he cannot satisfy § 2255's gatekeeping provision as *Simmons* did not create a new rule of constitutional law. Pet. 5. Petitioner asks this court to resentence him without the USSG career-offender enhancement. *Id.* at 9.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition

filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III.    Discussion

The Petition in this case should be dismissed because Petitioner's allegations do not fall within this court's § 2241 subject-matter jurisdiction, nor do Petitioner's allegations fall within the § 2255 savings clause. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy § 2255's so-called savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

3

> entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807 (If a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction").[1]

The Fourth Circuit has held that a petitioner must establish all of the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding the district court properly determined that a petitioner could not challenge a career-offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges innocence of a conviction and does not extend to petitioners who challenge only their sentences. As the United States Supreme Court has stated,

---

[1] Petitioner indicates that he has been unsuccessful in seeking relief because he did not timely seek relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

4

actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, Petitioner cannot satisfy the second prong of *In re Jones* because *Simmons* did not decriminalize the conduct for which Petitioner was convicted—conspiracy to distribute crack cocaine. Petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion. Instead, Petitioner challenges the legal classification of a predicate offense that was used to enhance his sentence. This is the sort of argument the Fourth Circuit has found insufficient to trigger relief under the savings clause. Through his § 2241 motion, Petitioner seeks only to have his classification as a career offender removed. He does not contend that the conduct for which he was convicted is now deemed to no longer be criminal. Moreover, it is plain that Petitioner seeks relief under § 2241 only because relief has been denied under § 2255, yet he has not asked the Fourth Circuit to authorize a second § 2255 motion. Thus, Petitioner cannot show that § 2255 is an inadequate or ineffective remedy.

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

July 6, 2016                                                                           Kaymani D. West
Florence, South Carolina                                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).